ERNST, Appellant, vs. ERNST, Respondent.

*September 25—October 20, 1925.*

*Wills: Agreement to make a will: Action to cancel· and set aside:
Evidence: Sufficiency.*

In an action by a father to set aside and cancel a written agree-
ment made with his son, the evidence is *held* to support a
finding that the father understood the contract which he
caused to be prepared and which provided that the son should
properly maintain and support him during the period of his
life and that the father should make a will giving all his
property at the time of his death to his son.

APPEAL from a judgment of the circuit court for Kenosha
county: E. B. BELDEN, Circuit Judge. *Affirmed.*

This was an action to cancel and set aside a certain agree-
ment entered into in writing between the parties. The
appellant, seventy-eight years of age, the father of the re-
spondent, owned a farm in Kenosha county. Respondent,
with his wife, lived on the farm for many years and for a
portion of the time paid the appellant $12 a month for
rental. In 1916 the appellant went to live with the respond-
ent, receiving board and room in place of rent for the farm.
He continued to live with the respondent up to the time of
the commencement of this action. Appellant had two sons,
one the respondent, and another son whose whereabouts have
been unknown for the last ten years.

On July 18, 1924, appellant went to the law office of
Attorney Frank Symmonds, in Kenosha, and requested said
Symmonds to draw an agreement between him and the
respondent, which the said Symmonds did. He also re-
quested Symmonds to draw a will conforming to said agree-
ment, which was also drawn. Both documents were duly
executed by appellant. The respondent was not present.

The agreement provides that the respondent should main-
tain his father in the home and furnish him with the com-
forts, treatment, and consideration due to men of appellant's

age during the period of his life. It sets out with considerable detail the particular arrangements to be made for the appellant's care and comfort, which seem to be fair and reasonable, and further provides that the appellant should make a will giving all of his property at the time of his death to the respondent. The will was made accordingly.

Sometime thereafter the appellant became dissatisfied and brought this action to set aside the agreement, claiming that he did not understand the agreement when he signed it, and that the agreement had been breached, if in fact it should be held to be a valid agreement.

The case was tried before the court without a jury. The appellant testified in the case, and at the conclusion of his testimony rested his cause, whereupon the court, upon motion of the respondent, dismissed the action and rendered judgment accordingly, and plaintiff appealed. Appellant assigns as errors the holding of the court that he fully understood, or ought to have understood, and appreciated the contract; in holding that there was no satisfactory evidence warranting the conclusion that the contract had been breached; and that the court erred in granting defendant's motion for nonsuit.

For the appellant there was a brief by *Stewart & Vaudreuil* of Kenosha, and oral argument by *Calvin Stewart.*

*Roy S. Stephenson* of Kenosha, for the respondent.

CROWNHART, J. The issues in this case present purely questions of fact. The contract may have been an improvident contract on the part of the appellant, but a careful consideration of appellant's testimony convinces this court that there was sufficient testimony to sustain the court's judgment. It is not necessary to go into details. Appellant is a fairly intelligent man, although hard of hearing. He could read understandingly. He had been regularly employed and earned a wage. He voluntarily went to the office of the attorney and had the contract and will drawn. He paid his attor-

ney $5 for his services. The attorney read the contract to him, sentence by sentence, and asked him if he understood it. He said he did. We think the evidence justifies the finding of the court that he did understand or should have understood the contents of the documents he signed. The agreements contained no harsh or unreasonable provisions. The appellant had no other near relatives than his two sons. He recites in his will that the son who was away from home had not shown himself worthy of his estate, and for that reason he provided nothing in his will for him. The appellant had lived with the respondent for some eight years and seemed to be satisfied with his home, and it was quite natural that he would desire to continue this arrangement and provide for the remaining years of his life in the home of his son where he had spent the last eight years to his evident satisfaction.

On the question as to whether the contract had been breached by respondent the evidence is not so clear that the respondent had fully complied with his contract. However, this is a case where much depended on the attitude and appearance of the appellant before the court. The trial court was in a better position to determine the facts than this court is. The contract is a continuing contract, and enjoins upon the respondent the continuing duty of supporting his father in comfort and with due consideration of his age. If this contract shall be breached in the future, the appellant will have his remedy in court.

*By the Court.*—The judgment of the circuit court is affirmed.